IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB RUSSELL WILLIAMS,<br><br>          Petitioner,<br><br>    v.<br><br>ROBERT K. WONG, Acting Warden of California State Prison at San Quentin,<br><br>          Respondent. | Case No. 1:09-cv-01068-OWW<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING PETITIONER'S REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS, APPOINTMENT OF COUNSEL, AND TEMPORARY STAY OF EXECUTION |

On June 17, 2009, Petitioner Bob Russell Williams ("Williams"), a state prisoner facing capital punishment, commenced this action pursuant to 28 U.S.C. § 2254 by filing a request for leave to proceed *in forma pauperis*, appointment of counsel, and a temporary stay of execution. Simultaneously, Williams filed a supporting declaration asserting that he is indigent and has minimal assets. On June 19, 2009, he filed a certificate from a prison officer stating the amount of money and securities he has on deposit in the prison.

**I.     Application for Leave to Proceed in Forma Pauperis.**

Rule 3(a) of the Rules Governing § 2254 Cases in the United States District Courts provides that a petitioner seeking *in forma pauperis* status shall file an affidavit of assets as required by 28 U.S.C. § 1915. Rule 3(a) also requires a certificate from the prison stating the amount on deposit in the petitioner's accounts. Williams' supporting declaration asserting his indigence and the certificate of inmate account satisfy these provisions.

**II.    Request for Appointment of Counsel.**

Section 3599(a)(2) of Title 18 of the United States Code provides for the appointment of one of more attorneys to represent an indigent person proceeding under 28 U.S.C. § 2254 to vacate a death sentence. Rule

81-191(d) of the Local Rules of the United States District Court for the Eastern District of California also provides for the appointment of counsel for indigent capital habeas petitioners. Under this rule, selection of counsel is made form "[a] panel of attorneys qualified for appointment in death penalty cases" and "certified by a selection board appointed by the Chief Judge." Based on the Williams' submissions, he is entitled to appointment of counsel under 18 U.S.C. § 3599(a)(2).

**III.    Request for Temporary Stay of Execution.**

Local Rule 81-191(h)(2) provides that when an indigent, condemned habeas petitioner submits an application for appointment of counsel and a temporary stay of execution, the Court shall issue a temporary stay of execution for a period of 45 days, while counsel is located. The temporary stay of execution may be extended at the discretion of the Court upon a showing of good cause. When an indigent, condemned habeas petitioner requests appointment of counsel pursuant to 18 U.S.C. § 3599(a)(2), the Court is authorized to stay execution of the death sentence for up to 90 days after counsel is appointed by 28 U.S.C. § 2251(a)(3). Williams has satisfied the requirements of Local Rule 81-191(h)(2) and 28 U.S.C. § 2251(a)(3).

Good cause appearing therefor,

1.    Williams' request to proceed *in forma pauperis* is granted;

2.    Williams' application for appointment of counsel is granted. The matter is referred to the Eastern District Selection Board for either notification that the Federal Defender, Capital Habeas Unit, is available for appointment, or for the recommendation by the Selection Board of other counsel; and

3.    William's request for a stay of execution is temporarily granted and all court or other proceedings related to the execution of his sentence of death, including preparation for execution and the setting of an execution date, are stayed for a period of 90 days from the date of the Court appoints counsel.

IT IS SO ORDERED

Dated:   June 23, 2009

/s/ Oliver W. Wanger
Oliver W. Wanger
United States District Judge