UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB RUSSELL WILLIAMS )<br>   Petitioner, )<br> vs. )<br>VINCENT CULLEN, as Warden of San )<br>Quentin State Prison, )<br>   Respondent. ) | Case No. 1:09-cv-01068-OWW<br><br>DEATH PENALTY CASE<br><br>ORDER RE: PETITIONER'S'S REQUEST TO FILE UNDER SEAL UNREDACTED CLAIMS 5, 8.F., AND 15 OF THE PETITION |

  This matter is before the Court on the unopposed request of Petitioner Bob Russell Williams ("Williams") to file under seal three unredacted claims of his timely June 9, 2010 federal Petition. A ruling on Williams' request will be deferred until he appears before the California Supreme Court and requests unsealing of the transcripts, pleadings, supporting declarations, and orders referenced in these three claims.

  Claims 5, 8.F, and 15 of Williams' Petition reference state trial court transcripts, pleadings, supporting declarations, and orders concerning appointment of counsel and payment of litigation expenses. In these claims, he alleges the Kern County Superior Court prejudicially interfered with the preparation and presentation of a competent defense, at both guilt and penalty phases, by rejecting the request to appoint second counsel, imposing unworkable time limits, and curtailing investigative efforts. Because these documents had been sealed by the trial court, they remained sealed on Williams' direct appeal.

  On January 8, 2010, Williams' federal habeas counsel moved the California Supreme Court for authorization to inspect and copy sealed and confidential materials. According to the Supreme Court

1  docket for Williams' direct appeal, (*People v. Williams*, case number S056391), he asked for materials related to the appointment of counsel and payment of litigation expenses, *plus* his probation report, the sealed jury ladder, sealed unredacted pages from sworn jurors' questionnaires, and documents related to state appointed appellate and habeas counsel's representation. The Supreme Court granted the motion with strict conditions about subsequent disclosure, including that federal counsel "not release or cause to be released any of the confidential or sealed materials, or the information contained therein, to any person other than those agents and representatives whom counsel may authorize," and that if federal counsel wished "to quote, cite, disclose, or describe the confidential or sealed materials in any court papers, those papers must themselves be filed under seal."

The allegations and references to state court proceedings included in Claims 5, 8.F, and 15 of the Petition are not of a nature that ordinarily would support the need for confidentiality. Rather, the state proceedings that are the subject of these claims highlight representational matters at issue in every capital habeas case filed in federal court under 28 U.S.C. § 2254. This is in contrast to the potential need for confidentiality concerning juror information and questionnaire disclosures made by jurors.

Since the state trial court transcripts, pleadings, supporting declarations, and orders referenced in Claims 5, 8.F, and 15 of the Petition do not support a basis for maintaining confidentiality in federal proceedings, Williams is directed to return to the California Supreme Court to request unsealing of only those documents. Williams shall report his efforts and the California Supreme Court's response in monthly status reports until the matter is resolved.

SO ORDERED.

Dated:   June 30, 2010

                                                              /s/ Oliver W. Wanger
                                                              Oliver W. Wanger
                                                      United States District Judge